# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| E-SYSTEM DESIGN, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-682 |
| | § | Judge Mazzant |
| MENTOR GRAPHICS CORP. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Mentor Graphics Corp.'s Motion for Judgment on the Pleadings under 35 U.S.C. § 101 (Dkt. #59). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff asserts that Defendants infringe claims of U.S. Patent No. 8,352,232 ("the '232 Patent"). The '232 Patent is titled "Modeling Electrical Interconnections in Three-Dimensional Structures." It was issued on January 8, 2013, and bears an earliest priority date of October 25, 2007. Plaintiff contends that the '232 Patent relates to 3D circuits or System-in-Package modules, in which layers of computer chips are stacked on top of one another. Plaintiff filed suit for infringement of the '232 Patent on Setpember 27, 2017 (Dkt. #1).

Defendant has since filed a motion for judgment on the pleadings (Dkt. #59) to which Plaintiff has filed a response (Dkt. #66), Defendant has filed a reply (Dkt. #69), and Plaintiff has filed a sur-reply (Dkt. #71).

## LEGAL STANDARD

Defendant brings its motion under Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In

examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A claim will survive if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

A district court may consider documents attached to a motion to dismiss only if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims.

*Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2011 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

## ANALYSIS

After reviewing the current complaint, the motion for judgment, the response, the reply, and the sur-reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(c) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Judgment on the Pleadings under 35 U.S.C. § 101 (Dkt. #59) is hereby **DENIED**.

**SIGNED this 17th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE